Eastern District of Kentucky
FILED

DEC 16 2024

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

CRIMINAL ACTION NO. 3:24-CR-15-01-GFVT

UNITED STATES OF AMERICA                                PLAINTIFF

V.                              **PLEA AGREEMENT**

ZACHARY GAGE KING                                       DEFENDANT

\*    \*    \*    \*    \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information, charging a violation of 18 U.S.C. § 2252(a)(2), Receiving a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct.

2. The essential elements of the crime alleged in the Receiving a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, are:

   (a) The Defendant knowingly received a visual depiction;

   (b) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

   (c) The visual depiction was of a minor engaging in sexually explicit conduct;

   (d) The Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct;

   (e) The Defendant received the visual depiction using any means or facility of interstate or foreign commerce or using any means in or affecting interstate or foreign commerce, including by computer or mails.

3.  As to the crime alleged in the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) Law enforcement received information that an individual utilizing a specific IP address was attempting to access child pornography materials. A subpoena was used to determine that the IP address was assigned to subscriber ZACHARY GAGE KING.

(b) A search warrant was obtained for KING's residence. During the execution of the warrant, KING admitted to law enforcement that he utilized numerous online platforms to receive and distribute child sexual abuse materials and that he had received child sexual abuse material as recently as the day before the execution of the warrant. During the search warrant, several cellphones were seized.

(c) A forensic examination of the electronic devices seized from KING revealed that King was a member of numerous social media groups dedicated to the exchange of child sexual abuse materials. In total, over 7400 images and/or videos were discovered on KING's devices. The images include minors, including infants and toddlers, engaged in sexually explicit activity, including oral sex and vaginal or anal penetration.

(d) KING admits that he knowingly received sexually explicit images and videos on or about the dates listed in the Information in Anderson County, in the Eastern District of KY. KING also admits that he received the images using the internet, a means and facility of interstate commerce.

4.  The statutory punishment for the crime alleged in the Information is imprisonment for not less than 5 years and not more than 20 years, a $250,000 fine, and not less than 5 years nor more than lifetime supervised release, forfeiture of proceeds and restitution. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014,

2

for non-indigent Defendants convicted of certain offenses, including those in chapter 110

(which includes the offense to which the Defendant is pleading guilty). The Defendant

will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in

accordance with the Judgment, if the Court determines the Defendant is non-indigent and

orders such assessment to be paid. Pursuant to 18 U.S.C. §2259A, a special assessment of

not more than $35,000 may also be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend

the following sentencing guidelines calculations, and they may object to or argue in favor

of other calculations. This recommendation does not bind the Court.

      (a) United States Sentencing Guidelines (U.S.S.G.), November 2023 manual, will determine the Defendant's guidelines range.

      (b) Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

      (c) Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), increase the offense level by 2 because the Defendant knowingly engaged in distribution.

      (d) Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 because the offense involves a prepubescent minor or a minor who had not attained the age of 12.

      (e) Pursuant to USSG Section 2G2.2(b)(4)(A) and (B), add 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence and because the material portrays the sexual abuse or sexual exploitation of an infant or toddler.

      (f) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense by 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

      (g) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase the offense by 5 levels because the offense involved 600 or more images.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution is mandatory and will be determined at the time of sentencing. The defendant agrees that any minor depicting in a sexually explicit visual depiction that he distributed, received, or possessed shall be considered a victim for purposes of restitution and allocution, regardless of if that minor is a victim of the offense of conviction.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to pay restitution in the amount and to the victims as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

10.   The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.  The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student.  The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information.  The Defendant shall comply with requirements to periodically verify in person his sex offender registration information.  The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Information.  The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Information.  The Defendant

consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12.    The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to

implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13.    The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation

or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14.   The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The

Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: _12-16-24_    By: _____
Erin M. Roth

9

Assistant United States Attorney

Date: 10/24/2024

_Zachary Gage King_
Zachary Gage King
Defendant

Date: 10/29/24

_Whitney Lawson_
Whitney Lawson
Attorney for Defendant

10